UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LISA KLIEMAN,

                              Plaintiff,                        **COMPLAINT**

    -against-                                                   JURY TRIAL
                                                                         DEMANDED

THE CITY OF NEW YORK, NEW YORK CITY THE
DISTRICT ATTORNEY'S OFFICE, POLICE OFFICER       10-CV-8876
KEITH GALLAGHER, POLICE OFFICER JOYCE
and POLICE OFFICERS JOHN DOE,

                              Defendants.
------------------------------------------------------------------------x

        Plaintiff, LISA KLIEMAN, by and through her attorneys, **THE LAW OFFICE OF FISHER, BYRIALSEN & KREIZER, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

### PRELIMINARY STATEMENT

        1. The plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981 and 1983; for the wrongful acts of Defendants Police Officer Keith Gallagher, Police Officer Joyce and Police Officers John Doe as Officers of the New York City Police Department (herein after NYPD), acting under the color of state law and pursuant to their authority, in violation of Plaintiff's rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983 and 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981 and 1983 and 1988; by the United States Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

3. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983 and 1988; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

4. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## VENUE

5. Venue herein is proper for the United States District Court for the Southern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## TRIAL BY JURY

6. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.  Pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

7. Plaintiff Lisa Klieman, at all times hereinafter mentioned, was and is, residing in the State of New York and the County of Kings.

8. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns,

operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant to this action, Defendants Police Officer Gallagher, Police Officer Joyce and Police Officers John Doe, are and were police officers employed by the NYPD acting under color of state law. They are being sued in both their individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the Defendants Police Officer Gallagher, Police Officer Joyce and Police Officers John Doe were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD. They are being sued both in their individual and official capacity.

## STATEMENT OF FACTS

12. Plaintiff Lisa Klieman leases an apartment located at 156 East Second Street, Manhattan, New York.

13. Plaintiff Klieman has leased that apartment for over ten years.

14. In August 2008, Plaintiff Klieman agreed to let Ernie Inzerillo live in her apartment.

15. Ernie Inzerillo is the son of a "family friend" of Plaintiff Klieman.

16. Sometime between August 2008 and January 2010, Mr. Inzerillo permitted his brother, Sal Inzerillo, to also move into the apartment.

17. At some point, Sal Inzerillo, invited his girl friend Alba Albanese to live in the apartment as well.

18. Plaintiff Klieman started to receive complaints from the neighbors of the apartment of drug activity, transient visitors and loud music.

19. On or about January, 2010, Mr. Inzerillo stopped paying rent for the apartment.

20. Plaintiff Klieman repeatedly attempted to contact Mr. Inzerillo regarding the complaints and the non-payment of rent.

21. Mr. Inzerillo never responded to Plaintiff Klieman's calls.

22. On May 8 2010, Plaintiff Klieman went to the apartment to speak with Mr. Inzerillo in person.

23. When Plaintiff Klieman arrived at the apartment, she discovered the locks to her apartment had been changed.

24. Plaintiff Klieman called a locksmith and after presenting the locksmith with a copy of her lease, she gained access to the apartment.

25. Upon entering the apartment Plaintiff Klieman saw filth, food, clothing and other debris strewn everywhere.

26. Plaintiff Klieman found clothing and mail belonging to several different individuals.

27. Plaintiff Klieman went to the local grocery store and bought garbage bags.

28. Plaintiff Klieman cleaned up the apartment and threw away the food, debris, and dirty clothing that was scattered about the apartment.

29. Plaintiff Klieman did not discard or remove anything of value from the apartment.

30. Plaintiff Klieman did not see anything of value in the apartment.

31. After cleaning the apartment Plaintiff Klieman had the locks changed.

31. Upon leaving the apartment Plaintiff Klieman sent Mr. Inzerillo a text message indicating that she had thrown away what she referred to in the message as "stuff" and that the locks had been changed.

32. At approximately 6:30 p.m., Plaintiff Klieman received a telephone call from one of the neighbors of the apartment that Mr. Inzerillo was trying to break the door of the apartment.

33. Plaintiff Klieman got in her car and headed back towards the apartment.

34. While en route to the apartment Plaintiff Klieman called 911.

35. The 911 operator told Plaintiff Klieman that police could not be dispatched until she arrived to the apartment.

36. Upon her return to the apartment building, Plaintiff Klieman saw two police cars parked in front of the building.

37. Upon entering the apartment building Plaintiff Klieman was confronted by Defendant Police Officer Gallagher and Defendant Police Officers John Doe.

38. The Defendants demanded to see her lease, which she produced.

39. Mr. Inzerillo was unable to produce a lease or sublease and stated to the Defendants that he had misplaced his sublease.

40. Plaintiff Klieman explained to the Defendants that Mr. Inzerillo did not have a sublease and she was told to be "shut up."

41. Defendants asked Plaintiff Klieman what she had done with the "stuff" in the apartment.

42. Plaintiff Klieman told Defendants that it was in bags on the curb in front of the building.

43. The Defendants retrieved the garbage bags and searched them, finding nothing of value.

44. The Defendant Police Officer Joyce subsequently searched Plaintiff Klieman's car without a warrant, under threat of arrest if she refused.

45. Plaintiff Klieman told Defendants that she had not taken anything of value—only garbage had been removed from the apartment.

46. The Defendants arrested Plaintiff Klieman.

47. Plaintiff Klieman was taken in handcuffs by Defendants to the ninth precinct.

48. Plaintiff Klieman was later transported to Central Booking where she was held for thirty six (36) hours.

49. Plaintiff Klieman was charged with felony grand larceny in a complaint signed by Defendant Gallagher.

50. The complaint alleges that Plaintiff Klieman stole an ipod, a laptop, a canon digital camera, a Panasonic palmcorder, a pool cue, five dollar silver certificates, and a gold chain amounting to exactly $4,459.00, notwithstanding that there was no receipts evidencing even the existence of these items.

51. Following her arraignment on the charge of felony grand larceny Plaintiff Klieman was released and ordered to return to court on three occasions.

52. Plaintiff Klieman retained Susan G. Kellman, Esq. to defend her against these false charges.

53. Attorney Kellman made several phone calls to Assistant District Attorney Jung Park.

54. The calls went unanswered.

55. After many attempts Attorney Kellman was finally able to get ADA Park on the phone.

56. On the phone call with ADA Park, Attorney Kellman explained the circumstances surrounding Plaintiff Klieman's arrest and repeated that Plaintiff Klieman fully expected to testify in the grand jury.

57. When the conversations stalled between attorney Kellman and ADA Park, attorney Kellman sent ADA Park a long letter, complete with documentation explaining the circumstances leading up to the arrest and describing Plaintiff Klieman and her innocence.

58. In the letter attorney Kellman suggested that this was a matter better dealt with in landlord tenant court and asked the charges against Plaintiff Klieman be dismissed.

59. Attorney Kellman received no response to the letter from ADA Park.

60. Attorney Kellman called ADA Park several times after the letter was dispatched.

61. Eventually attorney Kellman spoke with ADA Park who stated that she would not dismiss the case based on the letter or the documentary evidence, supporting Plaintiff's position.

62. ADA Park then suggested the Plaintiff Klieman come into the District Attorney's Office and to defend herself.

63. Plaintiff appeared in court on or about May 8, 2010, May 9, 2010, August 16, 2010 and November 16, 2010.

64. On November 16, 2010, the case against Plaintiff Klieman was dismissed.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS**

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

66. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

67. All of the aforementioned acts deprived Plaintiff Klieman of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

68. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

69. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages,

8

practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

70. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

71. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST

72. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

73. As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

74. As a result of his false arrest, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, and disgrace and was deprived of her liberty.

75. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage.

Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### THIRD CLAIM FOR RELIEF
### FALSE IMPRISONMENT

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

77. As a result of her false imprisonment, Plaintiff was subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and was deprived of her liberty.

78. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION

79. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

80. By the actions described above the Defendants Police Officer Gallagher, Police Officer Joyce and John Doe and Defendant New York County District Attorney's Office and Defendant New York City maliciously and without probably cause, prosecuted the Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law right as guaranteed by the laws and Constitution of the State of New York.

81. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered loss of wages, great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

82. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

83. Defendant Police Officers stopped, searched and arrested Plaintiff without reasonable suspicion or probable cause, notwithstanding their knowledge that said actions would jeopardize Plaintiff's liberty, well-being and constitutional rights.

84. Defendant Police Officers John Doe failed to protect Plaintiff from the violation of her civil and constitutional rights by Defendants Police Officer Gallagher and Police Officer Joyce actions against Plaintiff.

85. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

86. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

87. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

88. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff Klieman.

89. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

90. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

91. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

92. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

93. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

94. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a.    Not to be deprived of liberty without due process of law;

    b.    To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c.    To be protected against violations of her civil and constitutional rights;

    d.    Not to have cruel and unusual punishment imposed upon him; and

    e.    To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) DOLLARS; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:    New York, New York
               November 24, 2009

                                    Respectfully submitted,

                                    Jane Byrialsen, Esq. (JB9108)
                                    FISHER, BYRIALSEN & KREIZER, PLLC
                                    *Attorneys for Plaintiff*
                                    291 Broadway, Suite 709
                                    New York, New York 10007
                                    T: (347) 284-0187
                                    F: (347) 284-0190